UNITED STATES of America,
Plaintiff–Appellee,

v.

Tyrone JONES a/k/a Bernard Elder,
and Ted Green a/k/a Be Bop,
Defendants–Appellants.

No. 89–3885.

United States Court of Appeals,
Eleventh Circuit.

Dec. 7, 1990.

---

Williams J. Sheaffer, Lori Wheeler, Alexander Zouzoulas, P.A., Orlando, Fla., for Jones.

Robert S. Sigman, P.A., Maitland, Fla., for Green.

Ronald Hayward, Asst. U.S. Atty., Daniel Broderson, Orlando, Fla., for the U.S.

Before HATCHETT and ANDERSON, Circuit Judges, and ESCHBACH *, Senior Circuit Judge.

PER CURIAM:

This case is a direct criminal appeal. The appellant Tyrone Jones ("Jones") was convicted of one count of engaging in a Continuing Criminal Enterprise ("CCE") in violation of 21 U.S.C. § 848, one count of conspiring to distribute cocaine in violation of 21 U.S.C. § 846, and three counts of distribution of cocaine in violation of 21 U.S.C. § 841(a)(1). The appellant Ted Green ("Green") was convicted of one count of conspiracy to distribute cocaine in violation of 21 U.S.C. § 846. This Court's jurisdiction arises under 28 U.S.C. § 1291.

With respect to Green's conviction, the decision of the District Court is affirmed. *See* 11th CIR.R. 36–1. With respect to Jones' CCE conviction, the decision of the District Court is affirmed. *See* 11th CIR.R. 36–1.

Jones has raised one issue on appeal worthy of more exacting scrutiny. He claims that the actions underlying the conspiracy and distribution convictions serve as the predicate acts for purposes of the CCE conviction.[1] Thus, he argues that the distribution and conspiracy convictions are lesser included offenses that cannot survive review under the double jeopardy clause protection from multiple punishments.[2]

▪ Regarding the conspiracy conviction, Jones is correct. The Supreme Court and this Circuit have held that when a conspiracy serves as the predicate act for a CCE conviction based upon the same criminal agreement, the conspiracy conviction merges into the CCE conviction. *See Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977) (plurality opinion); *United States v. Boldin*, 772 F.2d 719, 730–31 (11th Cir.1985), *modified,* 779 F.2d 618 (11th Cir.1986), *cert. den.*, 475

---

* Honorable Jesse E. Eschbach, Senior U.S. Circuit Judge for the Seventh Circuit, sitting by designation.

1. A conviction for engaging in a continuing criminal enterprise requires proof of a violation of the federal narcotics laws committed as part of a continuing series of at least three such violations perpetrated in concert with at least five other persons for whom the defendant acted as an organizer, supervisor, or manager, and that the defendant derived substantial income from the activity. The three narcotics violations serve as predicate acts. *See* 21 U.S.C. § 848.

2. Jones did not present the merger issue to the District Court. However, in this Circuit, the rule "that appellate courts should not consider issues raised for the first time on appeal. ... can give way when a pure question of law is involved and a refusal to consider it would result in a miscarriage of justice." *Martinez v. Mathews*, 544 F.2d 1233, 1237 (5th Cir.1976); *see United States v. Southern Fabricating Co., Inc.*, 764 F.2d 780, 781–82 (11th Cir.1985). We believe this exception applicable to this case. Additionally, Jones did not specifically enumerate merger as a separate issue in his appellate brief to this Court. However, the brief plainly argues the issue.

U.S. 1048, 106 S.Ct. 1269, 89 L.Ed.2d 577 (1986), *cert. den.*, 475 U.S. 1098, 106 S.Ct. 1498, 89 L.Ed.2d 899 (1986), *cert. den.*, 475 U.S. 1110, 106 S.Ct. 1520, 89 L.Ed.2d 917 (1986), *later proceeding*, 818 F.2d 771 (11th Cir.1987). Because the actions underlying the conspiracy conviction also serve as a predicate act for the CCE conviction arising from the same criminal agreement, Jones' conspiracy conviction must be vacated.

The same cannot be said of the distribution counts. Once again, both the Supreme Court and this Circuit have spoken to the issue. When the predicate act is a substantive violation of the narcotics laws, as distribution is, the substantive violation does not merge into the CCE count. *See United States v. Garrett*, 727 F.2d 1003 (11th Cir.1984), *aff'd*, 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985); *Boldin*, 772 F.2d at 730–31; *see also United States v. Erwin*, 793 F.2d 656, 669 (5th Cir.1986).

The decision of the District Court as to the distribution convictions is AFFIRMED. However, we VACATE the conviction for conspiracy and REMAND to the District Court for resentencing.