UNITED STATES of America, Appellee,

v.

**Hector RIVERA–MARTINEZ, a/k/a El Men, Defendant, Appellant.**

No. 90–1746.

United States Court of Appeals,
First Circuit.

Heard March 5, 1991.

Decided April 26, 1991.

Jose A. Fuentes Agostini, Hato Rey, P.R., for defendant, appellant.

R. Montague Wilkinson, Atty., Dept. of Justice, with whom Robert S. Mueller, III, Asst. Atty. Gen., Charles S. Saphos, Chief, Narcotic and Dangerous Drug Section, Margaret A. Grove, Atty., Dept. of Justice, and Daniel F. Lopez–Romo, U.S. Atty., were on brief, for appellee.

Before TORRUELLA and SELYA, Circuit Judges, and BOYLE,* District Judge.

SELYA, Circuit Judge.

We are called upon today to revisit the tribulations of defendant-appellant Hector Rivera–Martinez following his guilty plea to four counts of what we once described as "a multi-count indictment ... of a huge drug ring allegedly headed by Rivera–Martinez." *United States v. Pellerito*, 878 F.2d 1535, 1537 (1st Cir.1989).[1] In our previous encounter with Rivera–Martinez's case, we affirmed the district court's refusal to allow him to withdraw his guilty plea, *id.* at 1542–43, but ruled that, as a prelude to sentencing, the court should have granted Rivera–Martinez's motion asking that, "at his own expense, [he] be allowed to have a qualified psychologist conduct a mental examination." *Id.* at 1545. Consequently, we vacated the defendant's sentence and remanded for further proceedings. *Id.* at 1546.

The defendant was subsequently examined by Dr. Cabrera, a psychiatrist, Dr. Garcia, a clinical psychologist, and Ms. Nieves, a psychologist. At a combined competency/sentencing hearing held in the district court on June 26, 1990, Drs. Cabrera and Garcia testified, as did Dr. Prieto, a physician under contract to the U.S. Marshal's Service,[2] and Rivera–Martinez himself. After hearing these witnesses, and considering the arguments of counsel, the court reaffirmed its earlier refusal to permit Rivera–Martinez to withdraw his plea;

---

* The Honorable Francis J. Boyle, of the District of Rhode Island, sitting by designation.

1. Rivera–Martinez and Pellerito were codefendants. Their original appeals were consolidated for argument before us.

2. Dr. Prieto, as the Service's contract physician, was responsible for the medical care of federal prisoners who, like Rivera–Martinez, were being detained at the Puerto Rico penitentiary. Dr. Prieto first saw Rivera–Martinez professionally sometime in 1987 and had frequent contact with him up to June 8, 1988 (the date upon which Rivera–Martinez pled guilty). Dr. Prieto's testimony was before the district court at the time Rivera–Martinez initially sought to retract his plea. *See Pellerito*, 878 F.2d at 1542.

found him competent to be sentenced; and proceeded to impose the sentence described *infra*. This appeal followed.

■ Appellant assigns error in two respects: (1) that the court erred in refusing to allow him to retract his guilty plea, and (2) that the sentence imposed was impermissible under the Constitution. Although the first assigned error is not properly before us under the law of the case doctrine, we believe that the second assignment of error has partial merit.[3] Hence, we affirm the convictions and sentences on counts 1, 3 and 4, but vacate the conviction and sentence on count 2.

## I. *Law of the Case*

■ In resolving Rivera–Martinez's prior appeal, we held unambiguously that the defendant had "advanced no fair and just reason for disclaiming his guilty plea...." *United States v. Pellerito*, 878 F.2d at 1543. We stated specifically that, notwithstanding the necessity for a remand on issues related to sentencing, "defendant cannot now revivify his plea-withdrawal motion." *Id.* at 1545. We pointed out that, since Rivera–Martinez had "opted to forgo [psychiatric] evidence as a basis for plea retraction, [he] is foreclosed from belatedly questioning [his] competency at the time of the plea." *Id.* at 1545–46. Thus, we remanded *for the sole purpose* of "litigating an issue anent [the defendant's] competency to be sentenced" and for resentencing "if the competency issue is resolved in the government's favor." *Id.* at 1546.

Notwithstanding this tightly circumscribed set of directions, the district court, at the appellant's urging and over the government's objection, threw the gates wide open, undertaking plenary reconsideration of the original plea-withdrawal motion. In the end, the court once again found, on the augmented record, that appellant had failed to establish a fair and just reason for retracting his plea. Rivera–Martinez seeks to challenge this finding. We have no occasion to reach the merits of the challenge, however, because the court below lacked authority to resurrect the issue. We explain briefly.

■ In terms of the dynamics between trial and appellate courts, the phrase "law of the case" signifies, in broad outline, that a decision of an appellate tribunal on a particular issue, unless vacated or set aside, governs the issue during all subsequent stages of the litigation in the nisi prius court, and thereafter on any further appeal. *See Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). As one commentary puts it:

> When a case is appealed and remanded, the decision of the appellate court establishes the law of the case and it *must* be followed by the trial court on remand. If there is an appeal from the judgment entered after remand, the decision of the first appeal establishes the law of the case to be followed on the second.

1B J. Moore, J. Lucas, & T. Currier, Moore's Federal Practice ¶ 0.404[1] (2d ed. 1991). It follows, then, that "when a case is decided by an appellate court and remanded ... any questions that were before the appellate court and disposed of by its decree become the law of the case and bind the district court on remand." *United States v. Belculfine*, 527 F.2d 941, 943 (1st Cir.1975). *Accord Federal Deposit Ins. Co. v. Ramirez–Rivera*, 869 F.2d 624, 627 (1st Cir.1989).

■■ To be sure, the law of the case doctrine is neither an absolute bar to reconsideration nor a limitation on a federal

---

**3.** A third potential assignment of error has evaporated. We remanded appellant's case to enable him to obtain a psychological evaluation and, if the same "yield[ed] reasonable cause to question [his] competency" to be sentenced, to have a hearing on that score. *Pellerito*, 878 F.2d at 1546. After returning to the district court, appellant appears to have set sail in a different direction. We see nothing in the record below that calls into the slightest question his competency *to be sentenced*. Moreover, in his brief on appeal, the appellant does not contend that he lacked competency for sentencing purposes. The point has, therefore, been waived. *See, e.g., United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.) (absent some effort at developed argumentation on appeal, issues are deemed to have been abandoned), *cert. denied*, —— U.S. ——, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990).

court's power. *See White v. Higgins,* 116 F.2d 312, 317 (1st Cir.1940); *see also Morgan v. Burke,* 926 F.2d 86, 91 (1st Cir.1991) (warning against "transform[ing] 'law of the case' into a ... straitjacket for a court"). Nonetheless, this modicum of residual flexibility does not mean that the doctrine can—or should—be lightly shrugged aside. To the contrary, the doctrine is a salutary rule of policy and practice, grounded in important considerations related to stability in the decisionmaking process, predictability of results, proper working relationships between trial and appellate courts, and judicial economy. The law of the case should be treated respectfully and, in the absence of exceptional circumstances, applied according to its tenor.

■ The litany of exceptional circumstances sufficient to sidetrack the law of the case is not only short, but narrowly cabined. We agree with the Fifth Circuit that issues, once decided, should not be reopened "unless the evidence on a subsequent trial was substantially different, controlling authority has since made a contrary decision of the law applicable to such issues, or the decision was clearly erroneous and would work a manifest injustice." *White v. Murtha,* 377 F.2d 428, 432 (5th Cir.1967). *Accord Wheeler v. City of Pleasant Grove,* 896 F.2d 1347, 1350 (11th Cir.1990); *J.E.T.S., Inc. v. United States,* 838 F.2d 1196, 1200 (Fed.Cir.), *cert. denied,* 486 U.S. 1057, 108 S.Ct. 2825, 100 L.Ed.2d 926 (1988); *Handi Investment Co. v. Mobil Oil Corp.,* 653 F.2d 391, 392 (9th Cir.1981); *Melong v. Micronesian Claims Comm'n,* 643 F.2d 10, 17 (D.C.Cir.1980); *Chicago & N.W. Transp. Co. v. United States,* 574 F.2d 926, 930 (7th Cir.1978); *Petition of U.S. Steel Corp.,* 479 F.2d 489, 494 (6th Cir.), *cert. denied* 414 U.S. 859, 94 S.Ct. 71, 38 L.Ed.2d 110 (1973); *see also United States v. Rosen,* 929 F.2d 839, 842 n. 5 (1st Cir.1991) (embracing *Murtha* standard in applying previous ruling on same issue to codefendant's later appeal in criminal case); *United States v. DeJesus,* 752 F.2d 640, 642 (1st Cir.1985) (per curiam) (citing *Murtha* with approval in connection with related aspects of law of the case jurisprudence). The second and third furcula of the *Murtha* regimen are plainly inapposite here: appellant makes no assertion that any revolutionary new legal doctrine has emerged; and we specifically decided in *Pellerito,* 878 F.2d at 1543, that the district court's initial decision was "beyond reproof." Injustice, manifest or otherwise, is not in prospect.

■ Appellant stands or falls, then, on the proposition that the medical evidence accepted by the trial court on remand constituted substantially different evidence of a kind sufficient to trigger the first *Murtha* exception. We think he falls. The "different evidence" exception to the law of the case doctrine does not apply when a trial court gratuitously jettisons the rule in order to address an issue explicitly decided, and foreclosed, in an earlier appeal in the same case. Any other outcome would severely undermine the efficacy of the doctrine. If, by the simple expedient of flaunting the law of the case, a trial court which should have deferred to an appellate court's resolution of an issue could proceed to address the issue anew, then the doctrine would disappear into thin air. Federal jurisprudence wisely prohibits trial judges from orchestrating self-fulfilling prophecies of that sort. *See, e.g., Lyons v. Fisher,* 888 F.2d 1071, 1075 (5th Cir.1989), *cert. denied,* — U.S. —, 110 S.Ct. 2209, 109 L.Ed.2d 535 (1990); *United States v. Mazak,* 789 F.2d 580, 581 (7th Cir.1986); *Goodpasture, Inc. v. M/V Pollux,* 688 F.2d 1003, 1006 n. 5 (5th Cir.1982), *cert. denied,* 460 U.S. 1084, 103 S.Ct. 1775, 76 L.Ed.2d 347 (1983).

We appreciate and respect the district judge's intentions, realizing full well his desire to be solicitous of the defendant's rights. But the road to bedlam—as well as to warmer places—is paved with good intentions. The appellant had already spent his day in court. Because the question of Rivera-Martinez's right to retract his guilty plea was decided once and for all in his first appeal, the trial judge was duty bound to adhere to that decision and stay within the scope of the remand. In the absence of exceptional circumstances, not

present here, the law of the case doctrine applied. *See, e.g., Rosen*, 929 F.2d at 842 & n. 5; *Lyons*, 888 F.2d at 1075; *Mazak*, 789 F.2d at 581; *DeJesus*, 752 F.2d at 642. Hence, the judge should not have purposed to revisit the matter.[4]

## II. Double Jeopardy

On June 26, 1990, appellant was resentenced. The court sentenced him to 99 years in prison on count 1 of the indictment, which charged that appellant had carried on a continuing criminal enterprise (CCE) in violation of 21 U.S.C. §§ 848, 853. On count 2, which charged appellant with involvement in a narcotics-related conspiracy in violation of 21 U.S.C. § 846, the court imposed an identical sentence. On counts 3 and 4, wherein appellant was charged with aiding and abetting the distribution of heroin, 18 U.S.C. § 2, 21 U.S.C. § 841(a)(1), he received 25–year prison sentences.[5] All sentences were concurrent. On appeal, Rivera–Martinez asseverates that the district court erred in sentencing him for both the CCE and conspiracy convictions. He also contends that he should not have been cumulatively sentenced for his aiding and abetting convictions.

■ The Double Jeopardy Clause mandates that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The protection of the Clause is threefold; it safeguards an individual against (1) a second prosecution for the same offense, following an acquittal; (2) a second prosecution for the same offense, following a conviction; and (3) multiple punishments for the same offense. *See North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969); *United States v. Ortiz–Alarcon*, 917 F.2d 651, 653 (1st Cir.1990). Appellant's argument implicates the third of these protections. For reasons

which will become readily apparent, we consider the argument in two stages.

■ 1. *The Conspiracy Count.* Appellant's initial contention is that the district court impermissibly sentenced him on both the CCE count (count 1) and the conspiracy count (count 2). It is well established in this circuit that "[i]f a conspiracy offense is actually used to establish the 'continuing series of violations' and 'in concert' requirements needed to show an enterprise under 21 U.S.C. § 848, then cumulative punishment on the conspiracy charge and the § 848 CCE charge is barred." *Stratton v. United States*, 862 F.2d 7, 9 (1st Cir.1988) (per curiam). The government concedes that, here, the conspiracy was used as a predicate act for proving the CCE, and goes on to concede that the concurrent sentences on counts 1 and 2 violate the proscription of *Jeffers v. United States*, 432 U.S. 137, 154–58, 97 S.Ct. 2207, 2218–20, 53 L.Ed.2d 168 (1977) (plurality op.), against cumulative punishment, and hence, the Double Jeopardy Clause. The issue being forsworn, we need not pursue that point in greater depth.

The government does ask, however, that the conviction on the conspiracy count not be vacated. It asserts that, in a case like this, the Double Jeopardy Clause only requires *that multiple sentences not be imposed. See United States v. Aiello*, 771 F.2d 621, 632–34 (2d Cir.1985). A clear majority of our sister circuits, however, have rejected the *Aiello* view and required vacation of both the conviction *and* sentence attendant to the "lesser included" drug conspiracy charge when the defendant is also convicted of a continuing criminal enterprise. *See, e.g., United States v. Jones*, 918 F.2d 909, 910–11 (11th Cir.1990) (per curiam); *United States v. Stallings*, 810 F.2d 973, 975–76 (10th Cir.1987) (listing cases both ways); *see also United States v. Moya–Gomez*, 860 F.2d 706, 753–54 (7th

---

4. By resolving the assignment of error in this way, we do not suggest any lack of confidence in the lower court's latest refusal to allow the plea to be retracted. Were we to reach the issue, our review of the record, including the conflicted medical opinions, leaves little doubt but that the court's decision was supportable.

5. The court also imposed fines on counts 1 and 2, terms of supervised release on all four counts, and a $50 special assessment on each count pursuant to 18 U.S.C. § 3013.

Cir.1988) (discussing seemingly inconsistent positions taken within the Seventh Circuit, collecting cases from other circuits, and describing *Aiello* rule as "a minority position"), *cert. denied*, 492 U.S. 908, 109 S.Ct. 3221, 106 L.Ed.2d 571 (1989).

We agree with, and adopt, the majority rule. Consequently, we order vacation of both the conviction and sentence on count 2. If we were to embrace the minority viewpoint and allow the conspiracy conviction to stand on the theory that no additional punishment flowed from it, we would needlessly erode the prophylaxis afforded by the Double Jeopardy Clause.

*Ball v. United States*, 470 U.S. 856, 105 S.Ct. 1668, 84 L.Ed.2d 740 (1985), serves as our polestar. In that case, the Court held that when a defendant was convicted on two statutory charges, and Congress did not intend that the conduct should be punishable under both statutes simultaneously, the proper course was to vacate one of the convictions. *Id.* at 864, 105 S.Ct. at 1673. The *Ball* Court rejected the idea that ordering one of the sentences to be served concurrently with the other could be squared with congressional intent, thereby skirting an incipient double jeopardy problem. The Court reasoned:

> The separate *conviction*, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. See *Benton v. Maryland*, 395 U.S. 784, 790–91 [89 S.Ct. 2056, 2060–61, 23 L.Ed.2d 707] (1969); *Sibron v. New York*, 392 U.S. 40, 54–56 [88 S.Ct. 1889, 1898–1899, 20 L.Ed.2d 917] (1968). Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.

*Id.* 470 U.S. at 865, 105 S.Ct. at 1673.

Like the Eighth Circuit, *United States v. Maull*, 806 F.2d 1340, 1346–47 (8th Cir.

1986), *cert. denied*, 480 U.S. 907, 107 S.Ct. 1352, 94 L.Ed.2d 522 (1987), we think that the *Ball* analysis applies in cases like the one at bar. Since Congress did not intend to punish a defendant for the same conspiratorial conduct under both sections 846 and 848, it is not enough to sentence concurrently, or to sentence only on the CCE charge. Even a guilty defendant has constitutional rights. The Double Jeopardy Clause protects those rights. It requires that the section 846 conviction be erased from the docket.

■ *2. The Aiding and Abetting Counts.* Appellant also argues that the district court erred by sentencing him separately on the CCE count and on the two convictions for aiding and abetting the distribution of narcotics in violation of 18 U.S.C. § 2 and 21 U.S.C. § 841(a)(1). We disagree. The question of whether a defendant, within the contours of a single prosecution, may be subject to separate sentences stemming from a single course of conduct revolves around legislative intent. *See Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535 (1983) ("With respect to cumulative sentences imposed in a single trial, the Double Jeopardy Clause does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended."); *Jeffers*, 432 U.S. at 155–56, 97 S.Ct. at 2218–19; *United States v. Jefferson*, 782 F.2d 697, 700 (7th Cir.1986). The conventional test for determining whether Congress intended separate punishments under separate statutes was crafted in *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied ... is whether each provision requires proof of a fact which the other does not.

*Id.* at 304, 52 S.Ct. at 182; *see also Ortiz–Alarcon*, 917 F.2d at 653–54 (*Blockburger* test remains in constitutional vogue in multiple punishment cases). We are quick to note, however, that the *Blockburger* test is

only a rule of statutory construction. It is not controlling where "there is a clear indication of contrary legislative intent." *Hunter,* 459 U.S. at 367, 103 S.Ct. at 678, *quoting Albernaz v. United States,* 450 U.S. 333, 340, 101 S.Ct. 1137, 1143, 67 L.Ed.2d 275 (1981). This is such a case.

The defendant strives to cast our inquiry in terms of deciding whether or not the predicate counts of aiding and abetting are lesser included offenses of the CCE count. Were we to adopt that approach, and woodenly apply the *Blockburger* test, the argument for double jeopardy would be a powerful one. But the appellant is fishing in an empty stream. The Supreme Court made it very clear that the *Blockburger* test is inappropriate in analyzing section 848 because "logic supports the conclusion, also indicated by the legislative history, that Congress intended separate punishments for the underlying substantive predicates and for the CCE offense." *Garrett v. United States,* 471 U.S. 773, 795, 105 S.Ct. 2407, 2419, 85 L.Ed.2d 764 (1985); *see also Jones,* 918 F.2d at 911 (noting that *Garrett* allows for separate sentences on both a section 841(a)(1) predicate offense and a section 848 CCE conviction); *Jefferson,* 782 F.2d at 701 (same); *United States v. Burt,* 765 F.2d 1364, 1369 (9th Cir.1985) (same). The only question, then, is whether the aiding and abetting counts charge substantive acts within the contemplation of the *Garrett* Court.[6]

Of this, there can be no legitimate doubt. The statute criminalizing aiding and abetting reads in material part: "Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal." 18 U.S.C. § 2(a). By the use of this language, the statute "abolishes the distinction between common law notions of 'principal' and 'accessory.' Under it, the acts of the perpetrator become the acts of the aider and abettor...." *United States v. Kegler,* 724 F.2d 190, 200–01 (D.C. Cir.1984). Thus, aiding and abetting is a

---

**6.** The *Garrett* Court was careful to distinguish between conspiracy and substantive predicates. *See Garrett,* 471 U.S. at 794, 105 S.Ct. at 2419. As the government concedes, *Garrett* does not

substantive crime to which *Garrett* applies full bore. *Accord United States v. Phillips,* 664 F.2d 971, 1010 (5th Cir.1981), *cert. denied,* 457 U.S. 1136, 102 S.Ct. 2965, 73 L.Ed.2d 1354 (1982). We need go no further. There was no constitutional impediment to the imposition of cumulative sentences on the CCE count and on the two aiding and abetting counts.

*The judgments of conviction and the sentences imposed on counts 1, 3 and 4 are affirmed. The conviction and sentence on count 2 are vacated. The papers in the case are remitted to the district court for such entries as may be required to implement the foregoing.*

undermine the established rule that cumulative punishments cannot be imposed for both a predicate conspiracy and an overall CCE conviction, *see supra* Part II(1).