**UNITED STATES of America, Plaintiff,**

v.

**Sonia BERRIOS–RODRIGUEZ a/k/a La Nena, Antonio Lopez–Manzarret a/k/a Tono, Jose Leonidas Esmeral–Cupido a/k/a Chiqui a/k/a El Vicario, Carlos Pazos–Santana a/k/a Carlos Dominicci–Pasarell, a/k/a Carlos Tomas Rodriguez–Rodriguez, Lazaro Diaz–Fernandez a/k/a Larry a/k/a 17, William F. Lane a/k/a Billy, Abdil Curet–Casellas, Luis Hiram Ortiz–Cameron, Roberto Sanchez–Morales a/k/a Robert Pascual Lebron–Garcia, Gregorio Gomez–Garcia a/k/a Cun, John De Jesus–Clemente a/k/a John John, Ernesto Cirilo–Otero a/k/a Junito a/k/a Junior, Pedro Medina–Vazquez a/k/a Puruco, Noel Cintron–Rodriguez, Luis E. Ortiz–Arrigoitia a/k/a Colibri, Angel Luis Torres–Gonzalez a/k/a Pinga, Mario Gonzalez a/k/a El Nene, Braulio Soto–Aristy a/k/a Manny, John Doe a/k/a Armando a/k/a Vietnam, Defendants.**

Crim. No. 88–253 (JP).

United States District Court, D. Puerto Rico.

July 17, 1991.

See also 768 F.Supp. 941.

Guillermo Gil, Everett de Jesús, Asst. U.S. Attys., San Juan, P.R., for plaintiff.

José A. Lugo, Peter Berkowitz, Lugo & Berkowitz, Río Piedras, P.R., for defendants.

## ORDER

PIERAS, District Judge.

■ The Court has before it defendant's request that Dr. Agustin Garcia, a clinical psychologist be qualified as an expert in this case pursuant to Federal Rule of Evidence 702, in order to testify about the effects of drug use on the memory of a number of government witnesses. Federal courts which have accepted the testimony of expert witnesses regarding the effect of drugs upon the credibility of a witness have used stringent standards to pass upon their qualifications. For instance, in *U.S. v. Schrock*, 855 F.2d 327, 329 (6th Cir.1988) only a forensic chemist was allowed to testify about the effects of the controlled substance methamphetamine. In *Shore v. County of Mohave, State of Arizona*, 644 F.2d 1320, 1322 (9th Cir.1981) a forensic psychiatrist was qualified to testify about the effect of the drug Elavil. In *U.S. v. Townsend*, 322 F.Supp. 158 (N.D.Ill.1971), the expert witness who was qualified to testify about the effects of medication upon a narcotic addict, was a distinguished psychiatrist, an author of numerous publications of accepted scientific authority, and a noted expert in the use of drugs and their effects upon the human mind.

In contrast, the defendant's proposed expert, Dr. Agustin Garcia is a clinical psychologist that does not meet the same level knowledge regarding the scientific effects of drugs, as the experts in the cases just cited. Dr. Garcia is not a medical doctor like a psychiatrist, nor does he have any knowledge of toxicology—the science that deals with poisons, drugs and medications and their effects. Nor is Dr. Garcia a pharmacologist, chemist, biologist or neurologist—professionals who can testify about the effects of drugs on the human brain with a professional degree of certainty. He has never published any articles concerning the effects that controlled substances have on the human brain and memory, nor has he ever published a scientific study of the same. Consequently the Court hereby finds that Dr. Garcia is not qualified to testify about the effects of the witnesses' drug use five years back, nor is he qualified to testify about the scientific consequences of drugs upon the human body and mind which result in memory impairment, hallucinations and other brain disorders. Moreover, testimony about the state of mind of the witnesses five years ago, would be highly speculative. We note that Dr. Garcia was not allowed to testify in this same subject area in the case of United States vs. Hector Rivera Martinez Cr. 87–685(JAF) because he was not a medical doctor. *Cf. U.S. v. Rivera Martinez*, 931 F.2d 148 (1st Cir.1991).

■ Furthermore, it is permissible for a trial judge to not accept the testimony of an expert who will only testify as to hypothetical impairment of memory and perception, where a witness has "testified at length as to his ability to perceive the events he testified to and his ability to recall those events, all in a manner certain to result in the jury questioning his credibility." *U.S. v. Bernard*, 625 F.2d 854 (9th Cir.1980). In fact, "courts have quite uniformly rejected the notion of injecting 'experts' into the fray to opine on the effect of such drug usage." *United States v. Ramirez*, 871 F.2d 582, 584 (6th Cir.1989) (credibility determinations should be left to the trier of fact in narcotic prosecutions where a large number of the witnesses are narcotic users).

■ In effect, defense counsel is attempting to collaterally attack the competence of those government witnesses who

were drug users at one time. Federal Rule of Evidence 601 provides that "every person is competent to be a witness except as otherwise provided in these rules." Thus the failure to challenge the competence of a witness at the time his testimony is presented, acts as a waiver to later objections of competency. *United States v. Harris,* 542 F.2d 1283 (7th Cir.1976) (where defense counsel made no request for the court to conduct a hearing on a witness' competence, court held that the witness' substance abuse condition was a matter of credibility). At the time the witnesses in question testified in this case, the defense had the benefit of the transcripts of testimony given in the trials of other defendants in this case. As a matter of fact, the witnesses were impeached with the prior testimony. Therefore, the defendant had all the necessary elements to raise a competency objection to the witnesses in question at the time they were presented. The defendant did not object to the competency of any of the witnesses and competency cannot now be addressed under the guise of expert testimony on credibility. Wherefore, in view of the foregoing, Dr. Agustin Garcia is found not to be qualified as an expert witness pursuant to Federal Rule of Evidence 702.

IT IS SO ORDERED.