**CPC INTERNATIONAL, INC., Plaintiff,**

v.

**NORTHBROOK EXCESS & SURPLUS INSURANCE COMPANY,
Defendant.**

**Civ. A. No. 89–211L.**

United States District Court,
D. Rhode Island.

Dec. 16, 1993.

Geoffrey A. Price, David L. Harris, Lowenstein, Sandler, Kohl, Fisher & Boylan, Roseland, NJ, John F. Bomster, Mark O. Denehy, David A. Wollin, Adler Pollock & Sheehan Inc., Providence, RI, for plaintiff.

Kenneth P. Borden, Higgins, Cavanagh & Cooney, Providence, RI, Stephen W. Miller, James B. Burns, Clark, Ladner, Fortenbaugh & Young, Philadelphia, PA, Douglas

G. Shreffler, Gleason, McGuire & Shreffler, Chicago, IL, for defendant.

## MEMORANDUM AND ORDER

LAGUEUX, Chief Judge.

This matter is before the Court on defendant Northbrook's motion to reconsider the Court's previous choice-of-law determination. *CPC International v. Northbrook Excess & Surplus Ins. Co.*, 739 F.Supp. 710 (D.R.I. 1990) ("*CPC I* ") In that decision, this Court determined that New Jersey law controlled the interpretation of the "sudden and accidental" exception to the insurance contract's pollution exclusion clause.

## DISCUSSION

■ Since this case has come back to this Court on remand from the First Circuit Court of Appeals, 962 F.2d 77 (1st Cir.1992), the Court must pay heed to the "law of the case" doctrine which holds, "a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in successive stages of the same litigation." 1B *Moore's Federal Practice* ¶ 0.404[1] (2nd ed. 1993). Absent extraordinary circumstances, this Court is bound by its prior ruling that New Jersey law applies to this case. *See American Title Ins. Co. v. East West Financial Corp.*, 817 F.Supp. 251, 257 (D.R.I.1993).

■ The only applicable exception to the law of the case doctrine raised by the defendant allows a court to reexamine a ruling when "controlling authority has since made a contrary decision of the law applicable to such issues...." *U.S. v. Rivera–Martinez*, 931 F.2d 148, 151 (1st Cir.1991). *See also American Title*, 817 F.Supp. at 257. Therefore, in order for this Court to reconsider its choice of law decision, there must have been a change in New Jersey law that was clear and contrary to this Court's prior ruling.

The most recent New Jersey Case involving the choice of law issue for pollution cases is *Gilbert Spruance Co. v. Pennsylvania Manufacturers' Ass'n Ins. Co.*, 134 N.J. 96, 629 A.2d 885 (1993). That is the only decision from the New Jersey Supreme Court specifically ruling on the subject. In fact,

this Court stayed its ruling on this motion pending the outcome of that case.

In 1990, in *CPC I*, this court made its initial choice of law determination noting that it must apply the law of the state that would have been applied had the change of venue not occurred. *CPC I*, 739 F.Supp. at 713. Accordingly, the Court applied New Jersey's choice of law rules. *Id.* at 713. At that time, the weight of the law in New Jersey favored the "uniform-contract-interpretation" approach. *Id.* at 713–714. That rule held that a court must utilize the law of the state where the contract was made unless the substantial interests of another, different state override the interests of the state of contracting. *State Farm Mut. Auto. Ins. Co. v. Estate of Simmons*, 84 N.J. 28, 417 A.2d 488, 493 (1980). Since this Court's previous ruling, the Supreme Court of New Jersey has specifically rejected that approach. *Gilbert Spruance*, 629 A.2d at 895. In its place, the Court adopted the approach of the *Restatement (second) of Conflicts of Laws* § 193 (1971) to interpret casualty insurance policies. *Gilbert Spruance*, 629 A.2d at 893. The New Jersey Supreme Court now requires that "the law of the state that the parties understood to be the principal location of the insured risk [governs unless] some other state has a more significant relationship...." *Gilbert Spruance*, 629 A.2d at 893 (citations omitted). The situation where a single policy covers multi-jurisdictional risks is somewhat more difficult. In *Gilbert Spruance* the Court noted that it could not arbitrarily choose between the state of waste generation and the state of waste disposal. *Id.* at 894. Instead, it turned to find which state had the most significant relationship.

In *Gilbert Spruance*, a Pennsylvania company created waste in Pennsylvania which came to rest in New Jersey. The Court held that, "[In] a case in which out-of-state generated waste forseeably comes to rest in New Jersey, New Jersey has the dominant significant relationship." *Gilbert Spruance*, 629 A.2d at 894.

The present case is clearer. The site of generation and disposal are the same— Rhode Island. Therefore, no arbitrary choice between jurisdictions need be made.

Rhode Island's interests in protecting its citizens in the present case are even stronger than those of New Jersey in *Gilbert Spruance*.

In *Gilbert Spruance*, the case had greater contacts with Pennsylvania than this case has to New Jersey. In that case, the plaintiff corporation was not only located in Pennsylvania, but also created the pollution there. *Id.* at 886. Still, the New Jersey court found that Pennsylvania's interests did not outweigh New Jersey's. *Id.* at 894. In this case, New Jersey's only connection is that the plaintiff corporation's center of operations is located in New Jersey.

Applying the principles set out in *Gilbert Spruance* and comparing its facts to those in the present case, this Court determines that the New Jersey Supreme Court would apply Rhode Island law to this case. This change in the law of New Jersey is unquestionably a clear and contrary change in the law applicable to this case. Thus, the law of the case presumption is overcome. Accordingly, Rhode Island law will govern the interpretation of the insurance contract and specifically the definition of the "sudden and accidental" language therein. Since the Rhode Island courts have not construed that language it will be necessary to try this case to a conclusion and then probably certify the question to the Rhode Island Supreme Court.

It is so Ordered.