USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT No. 94-1738 UNITED STATES OF AMERICA, Appellee, v. JULIO RAMIREZ-BURGOS, Appellant.  __________________ ERRATA SHEET The opinion of this Court, issued January 5, 1995, is amended as follows: Page 5, l.11: "Ramirez" in place of "Ramirez" _______ UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT  ____________________ No. 94-1738 UNITED STATES OF AMERICA, Appellee, v. JULIO RAMIREZ-BURGOS, Appellant.  ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Raymond L. Acosta, Senior U.S. District Judge] __________________________  ____________________ Before Torruella, Chief Judge, ___________ Bownes, Senior Circuit Judge, ____________________ and Cyr, Circuit Judge. _____________  ____________________ Olga M. Shepard for appellant. _______________ Juan A. Pedrosa, Assistant United States Attorney, with whom ________________ Guillermo Gil, United States Attorney, was on brief for appellee. _____________  ____________________ January 5, 1995  ____________________ CYR, Circuit Judge. Defendant Julio Ramirez Burgos CYR, Circuit Judge _____________ brought this appeal from an interlocutory district court order rejecting his pretrial motion to dismiss Count III in a three- count indictment. Counts I and II charge separate carjackings, in violation of 18 U.S.C. 2119, and Count III charges that Ramirez used or carried a firearm during crimes of violence, viz. ___ the carjackings alleged in Counts I and II, in violation of 18 U.S.C. 924(c). Ramirez claims that the government may not try him on either Count I or Count II and on Count III, without ___ violating the Double Jeopardy Clause of the United States Consti- tution, because the identical evidential elements are required to establish a carjacking charge and the 924(c) violation charged in Count III.1 After denying the motion to dismiss Count III, the district court stayed further proceedings pending an inter- locutory appeal. The Supreme Court has admonished that the final judg- ment rule, see 28 U.S.C. 1291, "is strongest in the criminal ___ context," Flanagan v. United States, 465 U.S. 259, 265 (1984), ________ _____________ since the "'delays and disruptions attendant upon intermediate appeal are especially inimical to the effective and fair adminis- tration of the criminal law.'" Abney v. United States, 431 U.S. _____ _____________ 651, 657 (1977) (quoting DiBella v. United States, 369 U.S. 121, _______ _____________ 126 (1962)). We must therefore determine whether the district court order is immediately appealable under the "collateral  ____________________ 1We express no view whatever on the relevance or correctness of Ramirez's assumption. See Blockburger v. United States, 284 ___ ___________ _____________ U.S. 299 (1932). 3 order" doctrine. See Cohen v. Beneficial Industrial Loan Corp., ___ _____ ________________________________ 337 U.S. 541, 545 (1949) (holding that a recognized exception to the final judgment rule exists for a "small class [of interlocu- tory orders] which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.") The Double Jeopardy Clause safeguards against (i) a second prosecution following acquittal or final conviction for the same offense and (ii) multiple punishments for the same offense. United States v. Rivera-Martinez, 931 F.2d 148, 152 _____________ _______________ (1st Cir.), cert. denied, 112 S. Ct. 184 (1991) (citing North _____ ______ _____ Carolina v. Pearce, 395 U.S. 711, 717 (1969)). The Supreme Court ________ ______ held in Abney that an order denying a pretrial motion to dismiss _____ based on a claim of former jeopardy is immediately appealable under the collateral order doctrine. Abney, 431 U.S. at 659-61. _____ The Court reasoned that only an interlocutory appeal could protect the defendant from the "strain, public embarrassment, and expense of a criminal trial more than once for the same offense." Id. at 661. Abney, nevertheless, is not carte blanche authority ___ _____ for all interlocutory appeals brought under the Double Jeopardy banner, since some such claims do not meet the requirements of the "collateral order" doctrine. The interlocutory order chal- lenged by Ramirez falls into the latter category, since it simply disallowed a "multiple punishment" claim masquerading as a 4 "former jeopardy" claim. We believe the Abney branch of the "collateral order" _____ exception to the final judgment rule is limited to the "special circumstances permeating" former jeopardy claims. Abney, 431 ______ ________ _____ U.S. at 663 (emphasis added). Ramirez argues that a simultaneous trial on Count III and Counts I/II would entail "former jeopardy" because these counts require identical elements of proof. However, the Supreme Court has distinguished between the "double jeopardy" problems posed by a simultaneous trial and by successive trials. See ___ United States v. Halper, 490 U.S. 435 (1989). In a simultaneous _____________ ______ trial, the multiple punishment inquiry focuses on whether the legislature has authorized multiple punishments, as it may lawfully do. Ohio v. Johnson, 467 U.S. 493, 499-500 (1984). In ____ _______ successive trials, on the other hand, "the Double Jeopardy Clause protects against the possibility that the Government is seeking the second punishment because it is dissatisfied with the sanc- tion obtained in the first proceeding." Halper, 490 U.S. at 451, ______ n.10. The Halper Court foreclosed Ramirez's multiple punish- ______ ment claim. There, the Court held that a civil proceeding, punitive in nature, which followed a criminal trial on the same set of facts, violated the Double Jeopardy Clause. Id. at 448. ___ The Court nevertheless stated that its ruling did not prevent "the Government from seeking and obtaining both the full civil penalty and the full range of statutorily authorized criminal 5 penalties in the same proceeding. In a single proceeding the multiple punishment issue would be limited to ensuring that the total punishment did not exceed that authorized by the legisla- ture." Id. at 450. ___ 6 In United States v. Sorren, 605 F.2d 1211, 1215 (1st ______________ ______ Cir. 1979), we indicated that our analysis of interlocutory appellate jurisdiction turns upon whether the implicated right was "incapable of vindication on appeal." The challenge raised in the instant interlocutory appeal can be fully vindicated on appeal from a final judgment of conviction and sentence. See ___ United States v. Abreu, 952 F.2d 1458, 1465 (1st Cir.) (vacating _____________ _____ sentence in post-conviction appeal based upon multiple punishment claim), cert. denied, 112 S. Ct. 1695 (1992); Rivera-Martinez, _____ ______ _______________ 931 F.2d at 153 (same). An interlocutory appeal in the present case would not serve the purposes envisioned in Abney, because _____ Ramirez would have to stand trial on the remaining counts even if Count III were dismissed. See United States v. McHenry, 1993 ___ ______________ _______ U.S. App. LEXIS 12553, at *2 (6th Cir. May 19, 1993) (interlocu- tory appeal of double jeopardy claim raised in 924(c) and 2119 context; dismissed for lack of jurisdiction); United States _____________ v. Witten, 965 F.2d 774, 775-76 (9th Cir. 1992) (similar). The ______ Supreme Court has emphasized "the crucial distinction between a right not be tried and a right whose remedy requires the dismiss- al of charges. The former necessarily falls into the category of rights that can be enjoyed only if vindicated prior to trial. The latter does not." United States v. Hollywood Motor Car Co. ______________ _______________________ Inc., 458 U.S. 263, 269 (1982). ____ 7 As we lack appellate jurisdiction, the interlocutory appeal must be dismissed.2 Appeal dismissed for lack of jurisdiction. Appeal dismissed for lack of jurisdiction. ______ _________ ___ ____ __ ____________  ____________________ 2At this juncture, we take no position on whether Congress, by its enactment of 18 U.S.C. 924(c), intended "multiple punishments." 8