**UNITED STATES of America, Appellee,**

v.

**Joseph H. CATALUCCI, Defendant, Appellant.**

**No. 93–2129.**

United States Court of Appeals, First Circuit.

Heard April 5, 1994.

Sept. 27, 1994.

---

Richard A. Gargiulo, with whom Richard J. Inglis and Gargiulo, Rudnick & Gargiulo, Boston, MA, were on brief, for appellant.

John P. Pucci, Asst. U.S. Atty., with whom Donald K. Stern, U.S. Atty., Boston, MA, was on brief, for the U.S.

Before BREYER,* Chief Judge, BOUDIN and STAHL, Circuit Judges.

PER CURIAM.

In November 1991, Joseph Catalucci was indicted with other defendants for various drug related offenses, including conspiracy. 21 U.S.C. § 846. In substance, the government charged Catalucci and his co-defendants with operating a drug distribution network that, between 1969 and 1991, distributed more than 100,000 pounds of marijuana and substantial amounts of hashish. Shortly before trial, scheduled for September 1992, Catalucci gave the government a proffer suggesting that he could help the government in other drug cases.

On September 4, 1992, Catalucci and the government entered into a plea agreement that required Catalucci to provide the government complete and truthful information concerning other criminal activity and to testify before a grand jury or at trial. The government in turn promised to move for a downward departure, pursuant to 18 U.S.C. § 3553(e) and U.S.S.G. § 5K1.1, if Catalucci provided "substantial assistance ... in the investigation and prosecution of another person." The agreement said that the determination as to substantial assistance "rests solely in the discretion of the United States Attorney and is not subject to appeal or review."

After being debriefed by the government over the course of several months, in March 1993 Catalucci wrote to the government arguing for a substantial departure motion. Prominently, Catalucci claimed credit for bringing about the guilty plea of two of his co-defendants, and he claimed that he had provided critical intelligence as to a large off-load of hashish organized by another individual, one Frederic Berthoff, who was in fact subsequently indicted. *United States v. Berthoff,* Cr. No. 93–30008–Y, D.Mass. The prosecutor replied that he would not recommend a downward departure for substantial assistance; the prosecutor provided, and later elaborated, reasons which we will discuss briefly below.

In August 1993, Catalucci filed a motion to "enforce" the government's asserted promise to file a downward departure motion and requested an evidentiary hearing. In September 1993, the district court received documentary evidence from Catalucci and a proffer of what he hoped to elicit in live testimony. But the district court declined to allow live witnesses and ultimately ruled that in this case it lacked power to review the government's refusal to move for a downward departure. Catalucci was then sentenced within the guideline range and without the benefit of a downward departure.

This case is one of a large number in this and other circuits in which defendants have

---

* Chief Judge Stephen Breyer heard oral argument in this matter, but did not participate in the drafting or the issuance of the panel's opinion.

The remaining two panelists therefore issue this opinion pursuant to 28 U.S.C. § 46(d).

sought judicial review of the government's refusal to move for a downward departure based on substantial assistance; often, but not always, these occur in the context of specific plea agreements that envisage a possible departure motion and also purport to waive the defendant's right to judicial review on this issue. Interesting and sometimes difficult issues have been raised in these cases as to whether and when under the statute and guidelines the court may review the government's refusal to move for a downward departure based on substantial assistance; whether and when a defendant may waive in advance his right to litigate such issues to the extent that they are otherwise open to review; and whether and when the district court ought to afford hearings or take evidence in considering a substantial assistance claim.

The Supreme Court has ruled that the government's decision not to file a substantial assistance motion lies primarily within its discretion but might be open to judicial review in certain situations. *Wade v. United States,* —— U.S. ——, 112 S.Ct. 1840, 118 L.Ed.2d 524 (1992). The Court mentioned as candidates for review a government decision based on unconstitutional motives, such as the defendant's race or religion, and a "refusal to move ... not rationally related to any legitimate Government end." *Id.,* —— U.S. at —— – ——, 112 S.Ct. at 1845–47. In this case, Catalucci claims that the government acted in bad faith or without rational basis.

There is admittedly some difference among the circuits as to how to apply *Wade's* standards and the extent to which the terms of a plea agreement may foster (by a promise) or restrict (by a waiver) judicial review. *Compare United States v. Forney,* 9 F.3d 1492 (11th Cir.1993), *and United States v. Romsey,* 975 F.2d 556 (8th Cir.1992), *with United States v. Knights,* 968 F.2d 1483 (2d Cir. 1992). But we see no occasion in this case to spell out standards or engage in extended discussion. Even assuming that Catalucci has waived nothing by the plea agreement in this case, we cannot see how under any plausible standard of review the district court could have found that the prosecutor acted in bad faith or without rational basis.

In the district court, the government explained that Catalucci's version of events contradicted that of other government witnesses and itself varied widely from one debriefing session to the next; that Catalucci had revealed during polygraph sessions information that he had previously withheld; and that Catalucci had disregarded government instructions (designed to preserve his integrity as a possible witness) by discussing his testimony with a co-defendant who was also a potential government witness in the *Berthoff* case. Catalucci has not told us anything that casts doubt on the government's conclusion that he is now worthless to the government as a trial witness.

Catalucci argues on appeal that he was promised a downward departure motion if he provided substantial assistance *either* in the prosecution *or* investigation of another case. He urges that the latter condition was satisfied when he procured for the government the guilty pleas or cooperation of two co-defendants, Zoel Richards and Stephen Marple, and provided information about the alleged hashish shipment of Berthoff. The government responded in the district court that Catalucci had actually exerted pressure on Richards and Marple not to cooperate before he entered into his plea agreement; as to Berthoff, the government said that Catalucci's information was "incomplete ... and only cumulative to information provided by other witnesses."

On appeal, Catalucci says very little about the guilty pleas or cooperation provided by Richards and Marple. Perhaps in theory a defendant, who had improperly obstructed cooperation by other co-defendants prior to his plea, could thereafter provide substantial assistance by affirmatively assisting the government in a lawful and successful effort to obtain the co-defendant's cooperation. But Catalucci has failed to provide us any basis for his claim that he substantially assisted the government in regard to the co-defendants, Richards and Marple. We regard this issue as essentially abandoned. *United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.), *cert. denied,* 494 U.S. 1082, 110 S.Ct. 1814, 108 L.Ed.2d 944 (1990).

Catalucci does argue with some force that he helped the government's investigation of Berthoff by furnishing information about Berthoff and perhaps others associated with the alleged hashish shipment. As already noted, the government told the district court that the information Catalucci gave was incomplete and had already been provided by other government witnesses. Apparently the government did not furnish much detail to the district judge. In its brief in this court, the government explains that it was not then free to disclose the names of its other informants, but it provides some detail now and promises that this would be corroborated if a remand were necessary.

We do not, of course, rely on factual information that was not before the district court. But we find that without regard to these newly asserted facts, the district court itself would have had no basis here—even putting aside questions of waiver and the scope of judicial review—for disregarding the government's own explanation. This is so, at least, in the absence of a proffer or other submission by Catalucci that raised serious doubts about the validity of the government's assertion. On appeal, Catalucci points to nothing that he told the district court that would raise such doubts.

Catalucci asserts on appeal that the district court erred in not allowing him to adduce live testimony. The district court allowed Catalucci to submit documents that he said supported his position and to make a proffer, which he did. There is no automatic right to an evidentiary hearing, and further proceedings here would not have been justified absent some threshold showing that they would likely be useful. *United States v. McAndrews,* 12 F.3d 273, 280 (1st Cir.1993); *United States v. McGill,* 11 F.3d 223, 225–26 (1st Cir.1993). In this case, the record gave the district judge no basis to suppose that the government had acted irrationally or in bad faith and no reason to think that live testimony or any other further inquiry would alter this conclusion.

It is part of the business of judges to make reasonable forecasts as to whether further inquiries or proceedings will be useful. The Supreme Court in *Wade* cautioned against fishing expeditions in this area, remarking that "generalized allegations of improper motive" would not do and that "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." —— U.S. at ——–——, 112 S.Ct. at 1844–45. There may be cases that are close to the line and call for further inquiry, but this case is not one of them.

*Affirmed.*