UNITED STATES of America, Appellee,

v.

Moises Luis VELEZ CARRERO,
Defendant, Appellant.

No. 95–1351.

United States Court of Appeals,
First Circuit.

Heard Jan. 9, 1996.

Decided Feb. 27, 1996.

Jorge E. Rivera–Ortiz on brief, for appellant.

Guillermo Gil, United States Attorney, Nelson Perez Sosa, Assistant United States Attorney, and Jose A. Quiles–Espinosa, Senior Litigation Counsel, on brief, for appellee.

Before SELYA, CYR and LYNCH, Circuit Judges.

CYR, Circuit Judge.

Defendant-appellant Moises Velez Carrero ("Velez") appeals his sentence on the ground that the government breached its plea agreement ("the Agreement") by failing to recommend that there be no adjustment pursuant to § 3B1.1 of the United States Sentencing Guidelines. We agree.

■■ "Because plea bargaining requires defendants to waive fundamental constitutional rights, we hold prosecutors engaging in plea bargaining to 'the most meticulous standards of both promise and performance.'" *United States v. Clark*, 55 F.3d 9, 12 (1st Cir.1995) (citation omitted). In the Agreement, the government promised "to recommend that no adjustment pursuant to § 3B1.1 of the sentencing guidelines be made." At sentencing, however, the government informed the court that it had "agreed to make no suggestion to the court as to the role of the defendant in the offense." What the government bargained to do was to *oppose* any § 3B1.1 adjustment. What it delivered was its neutrality. This is no mere terminological distinction. The *quid pro quo*

from the defendant's point of view in this case was the prestige of the government and its *potential* to influence the district court. We conclude that the government's conduct amounted to non-performance of the Agreement.

■ *Santobello v. New York,* 404 U.S. 257, 262, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971), requires that the breach of a plea agreement be remedied by either "specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or ... the opportunity to withdraw the plea of guilty." In this case, Velez seeks and we grant the former mode of relief. *See United States v. Canada,* 960 F.2d 263, 271 (1st Cir.1992).

Accordingly, we *vacate* the sentence and *remand* with orders that Velez be resentenced by a different judge. *See* Loc.R. 27.1.[1]

---

1. In light of our decision to vacate the sentence for breach of the Agreement, we need not address Velez's contention that the district court violated 18 U.S.C. § 3553(c) by failing to recite its reasons for the sentence it imposed.