**UNITED STATES of America, Plaintiff,**

**v.**

**Moises Luis VELEZ CARRERO, Defendant.**

**Criminal No. 94–199 (PG).**

United States District Court, D. Puerto Rico.

Jan. 30, 1997.

José Blanco, Asst. U.S. Attorney, Hato Rey, PR, for Plaintiff or Petitioner.

Frank D. Inserni, San Juan, PR, for Defendant or Respondent.

*OPINION AND ORDER*

PEREZ–GIMENEZ, District Judge.

### I. Background

Before the Court is Defendant Moisés Luis Vélez Carrero's Motion Requesting Leave to Withdraw Plea of Guilty. On November 7, 1994, this Court held a change of plea hearing before the Hon. D. Brock Hornby, United States District Judge, sitting for the District of Puerto Rico, to accept Defendant's plea of guilty to Count One of his indictment, which charged Defendant with conspiring to possess and distribute multiple kilograms of cocaine. As part of the Plea Agreement ("the Agreement") under which Defendant pled guilty, the government promised "to recommend that no adjustment pursuant to § 3B1.1 of the sentencing guidelines be made." At the sentencing hearing, however, the government stated that it had "agreed to make no suggestion to the Court as to the role of the defendant in the offense." Judge Hornby, noting that the Court is not bound by the government's recommendations, did adjust Defendant's sentence, increasing it by two levels under § 3B1.1.

Defendant appealed his sentence to the Court of Appeals for the First Circuit on the ground that the government breached the Agreement by merely not recommending any adjustment, rather than affirmatively recommending that no adjustment be made. He requested specific performance of the Agreement. The First Circuit agreed with Defendant, and, granting the relief requested, vacated the sentence and remanded the case for resentencing by a different judge. *United States v. Vélez Carrero*, 77 F.3d 11 (1st Cir.1996).

Defendant now moves to withdraw his plea rather than accept resentencing under the Agreement. He argues that his consent to the Agreement was invalid because it was obtained by deceit, and that while he originally believed that remand would cure the breach, he now believes that no such cure is possible because the government allegedly has stated that it will not make the recommendations originally agreed upon.

### II. Legal Standard

A guilty plea constitutes a waiver of numerous constitutional rights: the right to a jury trial, the right to confront one's accusers, and the privilege against compelled self-incrimination. *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1968); *United States v. Gray*, 63 F.3d 57, 60 (1st Cir.1995). A guilty plea is, therefore, a "grave and solemn act." *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747 (1970); *United States v. Parra–Ibáñez*, 936 F.2d 588, 598 n. 24 (1st Cir.1991). Because of the numerous constitutional protections implicated by a guilty plea, the Supreme Court requires that the defendant's plea must be knowing, voluntary, and intelligent in order to be valid. *Brady*, 397 U.S. at 748, 90 S.Ct. at 1469.

Rule 11 of the Federal Rules of Criminal Procedure directs the district court judge to assure that a guilty plea is in compliance with this standard. Rule 11 requires that the Court engage in a colloquy with the defendant before it accepts a plea to ascertain whether: (1) the plea is free from coer-

cion; (2) the accused understands the nature of the charges brought against him; and, (3) the accused understands the consequences of entering a guilty plea. *See United States v. Cotal–Crespo*, 47 F.3d 1, 4 (1st Cir.1995).

■ A defendant does not have an automatic right to withdraw the plea, even at the pre-sentencing phase. *United States v. Parrilla–Tirado*, 22 F.3d 368, 371 (1st Cir.1994). A motion to withdraw the plea presented after sentencing is determined under a more stringent standard. *Id.* A guilty plea is not a "mere gesture, a temporary and meaningless formality reversible at the defendant's whim." *Parra–Ibáñez*, 936 F.2d at 598 n. 24 (quoting *United States v. Barker*, 514 F.2d 208, 221 (D.C.Cir.1975)). The burden is on the defendant to show plausible reasons why the withdrawal of the plea should be permitted. *Cotal–Crespo*, 47 F.3d at 3.

■ In assessing whether the defendant has met this burden, the Court must examine the totality of the circumstances, including the following: the force of the defendant's proffered reason for withdrawing the plea; the timing of the request; the defendant's assertion of legal innocence; and an evaluation of whether the plea was knowing, intelligent, and voluntary. The potential prejudice to the government may also be considered if the defendant has made a colorable showing to withdraw his plea. *Parrilla–Tirado*, 22 F.3d at 371.

## III. Discussion

### A. *The Force of Defendant's Proffered Reason*

■ Defendant claims that he wants to withdraw his plea because his consent to the Agreement was invalid and he cannot get what he bargained for through resentencing. His consent was invalid, he argues, because it depended on a promise the government did not keep. He contends that resentencing will not cure the breach because the government has said that it will not make the recommendation agreed upon.

■ There is no dispute that the government breached the Agreement, as the First Circuit so held. Such a breach must be remedied by specific performance or the opportunity to withdraw the plea of guilty. *Santobello v. New York*, 404 U.S. 257, 262, 92 S.Ct. 495, 498–99, 30 L.Ed.2d 427 (1971) (quoted in *Vélez–Carrero*, 77 F.3d at 11). Defendant, however, having had the opportunity to request withdrawal of his guilty plea, requested specific performance. Withdrawal was thus not raised on appeal, and the instructions of the Court of Appeals to this Court are to proceed with resentencing. Moreover, the court, not the defendant, chooses the remedy, and the First Circuit ordinarily prefers to remand for resentencing rather than grant the greater remedy of vacating a plea. *United States v. Canada*, 960 F.2d 263, 271 (1st Cir.1992).

Defendant attempts to prop up his request by claiming that the government will refuse to comply with the order of specific performance. This claim is baseless. Defendant points to no such statement by the government, only to an alleged statement by AUSA José Blanco that the government would prefer to try the case than to negotiate a new agreement for a thirty-six-month sentence. The Court will not assume that the government will fail to comply with the directive of specific performance of the original agreement.

### B. *The Timing of the Request*

■ The second factor the Court must assess is the timing of the plea. The timing of a motion to withdraw a guilty plea is looked to as a measure of the validity of the proffered reason. The timing of a defendant's attempted plea withdrawal is highly probative of motive. While an immediate change of heart may well lend considerable force to a plea withdrawal request, a long interval between the plea and the request often weakens any claim that the plea was entered in confusion or under false pretenses. *See Parrilla–Tirado*, 22 F.3d at 373.

Here, Defendant's timing could scarcely be worse. Defendant first moved to withdraw his plea in September 1996 [1]—nearly two

---

**1.** There are actually two motions in the record, the one from late September, which contains no

years after entering the plea, a year and a half after his original sentencing, and seven months after obtaining the relief he himself requested from the Court of Appeals. This delay exceeds by far delays that have been considered to weigh against permitting withdrawal. *See United States v. Ramos*, 810 F.2d 308, 312 (1st Cir.1987) (thirteen-day delay excessive); *United States v. Crosby*, 714 F.2d 185, 192 (1st Cir.1983), *cert. denied*, 464 U.S. 1045, 104 S.Ct. 716, 79 L.Ed.2d 178 (1984) (eight-week delay excessive); *United States v. Keefe*, 621 F.2d 17, 20 (1st Cir.1980) (twenty-day delay excessive); *Núñez Cordero v. United States*, 533 F.2d 723, 726 (1st Cir.1976) (two-week delay excessive).

### C. Innocence

■ The third factor is legal innocence. "Courts look more hospitably upon a motion to withdraw a guilty plea when the motion is coupled with an assertion of innocence. The reverse is also true: the absence of a claim of innocence weighs in favor of allowing a guilty plea to stand." *United States v. Doyle*, 981 F.2d 591, 596 (1st Cir.1992) (citations omitted).

Defendant does not actually come out and assert his innocence. Although his attorney states that Defendant has informed him that he is innocent, Defendant himself, in his Statement Under Penalty of Perjury, does not so state. He says only that, had he known the Court would not follow what he understood to be the agreement, he would have insisted on going to trial and "questioning the veracity of the government's informant as to [his] involvement in the criminal conduct charged in the indictment." (Def.'s Stmnt.Pen.Perj. at 2.) To say that one hopes to impeach a witness is not to assert innocence.

### D. Voluntariness

The fourth and final factor is whether the plea was knowing, intelligent, and voluntary. Defendant does not claim that he was incompetent, or did not understand what he was doing, or was coerced. There is no assertion

other than that Defendant was induced to consent by a promise the government did not keep and by his attorney's representation that the Agreement should result in a sentence of approximately three years. His consent to the Agreement as he understood it, however, was perfectly knowing, intelligent, and voluntary. That was verified during the change of plea hearing, to which Defendant makes no objection. Specific performance will afford Defendant that to which he knowingly, intelligently, and voluntarily agreed.

■ Defendant repeatedly states that he was expecting to receive a sentence of approximately thirty-six months. During the change of plea hearing, the judge explained that the Court was not bound by the attorneys' recommendations and could sentence him to more or less than the sentencing guidelines direct. The judge explained, and Defendant indicated that he understood (and does not now claim that he did not understand), that he could not withdraw his guilty plea if the sentence turned out to be more severe than he expected or cared for. The circumstances surrounding this motion, however, give the very strong impression that Defendant is trying to do just that, that he is concerned he will again receive a lengthier sentence than he wants. This is not adequate grounds to withdraw the plea.

### IV. Conclusion

For the foregoing reasons, Defendant's Motion Requesting Leave to Withdraw Plea of Guilty (**Dkt. # 189**) is hereby **DENIED.** Defendant will be resentenced in accordance with the order of the First Circuit Court of Appeals.

**IT IS SO ORDERED.**

---

explanation of the reasons for the request or supporting documents, and a second from December including a memorandum of law and

Defendant's Statement Under Penalty of Perjury. The first motion was denied in October by margin order.