[NOT FOR PUBLICATION]

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 96-2270

 UNITED STATES,

 Appellee,

 v.

 MARIANO MIER TOUS,

 Defendant, Appellant.

 

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Daniel R. Dominguez, U.S. District Judge]

 

 Before

 Selya, Boudin and Lynch,
 Circuit Judges.

 

Luis Rafael Rivera on brief for appellant.
Guillermo  Gil, United States Attorney, Nelson  Perez-Sosa, Assistant
United States Attorney,  Jorge E. Vega-Pacheco , Chief, Criminal Division,
and Jose  A.  Quiles-Espinosa, Senior Litigation Counsel, on brief for
appellee.

 

 July 29, 1997
 

 Per Curiam . For the reasons stated by the district court

in its order dated September 19, 1996, we reject defendant's

contention that the government breached the plea agreement.

The facts in  United States v.  Velez Carrero , 77 F.3d 11, 11-12

(1st Cir. 1996), are distinguishable. 

 Further, based upon the reasons stated by the district

court in its orders dated September 19 and October 16, 1996, we

conclude that the district court's refusal to depart downward

is not subject to review here. 

 As to a departure for aberrant behavior, there is no

indication that the district court misapprehended the

applicable guidelines or its authority to depart, and we will

not disturb its plausible interpretation of the facts regarding

defendant's planning of and gain from the fraudulent

transactions. See United States v. Grandmaison, 77 F.3d 555,

560 (1st Cir. 1996). 

 As to a departure for reduced mental capacity, the record

shows that defendant did not request such a departure at

sentencing, and so he may be deemed to have waived the issue.

Our reading of the transcript of the sentencing hearing

persuades us that the issue of such a departure was not raised

at that time by the district court or either party. To the

contrary, the district court only mentioned defendant's mental

state in the context of considering the "thoughtlessness"

factor of a departure for aberrant behavior. Defendant's

 -2-

subsequent Fed. R. Crim. P. 35(c) motion was not an appropriate

means of raising such a request, see United  States v. Abreu-

Cabrera, 64 F.3d 67, 72 (2d Cir. 1995), and so we will not

consider it now. In all events, the case for such a departure

seems quite weak, and it appears altogether unlikely that the

district court, had the point been squarely raised, would have

departed.

 The sentence is affirmed. See 1st Cir. Loc. R. 27.1.

 -3-