USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-2270 UNITED STATES, Appellee, v. MARIANO MIER TOUS, Defendant, Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Daniel R. Dominguez, U.S. District Judge] ____________________ Before Selya, Boudin and Lynch, Circuit Judges. ____________________ Luis Rafael Rivera on brief for appellant. Guillermo  Gil, United States Attorney, Nelson  Perez-Sosa, Assistant United States Attorney,  Jorge E. Vega-Pacheco , Chief, Criminal Division, and Jose  A.  Quiles-Espinosa, Senior Litigation Counsel, on brief for appellee. ____________________ July 29, 1997 ____________________ Per Curiam . For the reasons stated by the district court in its order dated September 19, 1996, we reject defendant's contention that the government breached the plea agreement. The facts in  United States v.  Velez Carrero , 77 F.3d 11, 11-12 (1st Cir. 1996), are distinguishable.  Further, based upon the reasons stated by the district court in its orders dated September 19 and October 16, 1996, we conclude that the district court's refusal to depart downward is not subject to review here.  As to a departure for aberrant behavior, there is no indication that the district court misapprehended the applicable guidelines or its authority to depart, and we will not disturb its plausible interpretation of the facts regarding defendant's planning of and gain from the fraudulent transactions. See United States v. Grandmaison, 77 F.3d 555, 560 (1st Cir. 1996).  As to a departure for reduced mental capacity, the record shows that defendant did not request such a departure at sentencing, and so he may be deemed to have waived the issue. Our reading of the transcript of the sentencing hearing persuades us that the issue of such a departure was not raised at that time by the district court or either party. To the contrary, the district court only mentioned defendant's mental state in the context of considering the "thoughtlessness" factor of a departure for aberrant behavior. Defendant's -2- subsequent Fed. R. Crim. P. 35(c) motion was not an appropriate means of raising such a request, see United  States v. Abreu- Cabrera, 64 F.3d 67, 72 (2d Cir. 1995), and so we will not consider it now. In all events, the case for such a departure seems quite weak, and it appears altogether unlikely that the district court, had the point been squarely raised, would have departed. The sentence is affirmed. See 1st Cir. Loc. R. 27.1. -3-