UNITED STATES of America, Appellee,

v.

Moises VELEZ CARRERO,
Defendant, Appellant.

No. 97–1410.

United States Court of Appeals,
First Circuit.

Heard Feb. 24, 1998.

Decided April 3, 1998.

Frank D. Inserni, by appointment of the court, for appellant.

Jose A. Quiles–Espinosa, Senior Litigation Counsel, with whom Guillermo Gil, United States Attorney, and Nelson Perez–Sosa, Assistant United States Attorney, were on brief, for appellee.

Before TORRUELLA, Chief Judge, CAMPBELL, Senior Circuit Judge, and SELYA, Circuit Judge.

SELYA, Circuit Judge.

Defendant-appellant Moises Velez Carrero comes before us for the second time. *See United States v. Velez Carrero,* 77 F.3d 11 (1st Cir.1996) (*Velez I* ). On this occasion, he remarks the district court's refusal to set aside his guilty plea and invites us to reverse its order. Because "[h]aving one's cake and eating it, too, is not in fashion in this circuit," *United States v. Tierney,* 760 F.2d 382, 388 (1st Cir.1985), we decline the invitation.

## I.

A grand jury indicted the appellant in 1994 in connection with a conspiracy to possess and distribute cocaine. He entered into a plea agreement (the Agreement) whereby, in exchange for his admission of guilt, the government promised, among other things, to recommend that no upward adjustment be made to his base offense level (BOL) for his role in the criminal activity. *See* USSG § 3B1.1 (authorizing upward adjustment of a defendant's BOL if the defendant, in carrying out the offense of conviction, served as "an organizer, leader, manager, or supervisor"). The government failed to keep its end of the bargain: rather than affirmatively suggesting to the district court that no role-in-the-offense enhancement was warranted, the prosecutor simply took no position at the disposition hearing as to the appropriateness of such an adjustment.

Unnerved by this fecklessness, the appellant asked us to review the matter and requested that we vacate his 87–month sentence and order specific performance of the Agreement's terms. We determined that the government had breached the Agreement, granted the appellant the form of relief that he sought, and remanded for resentencing before a different judge. *See Velez I,* 77 F.3d at 12.

## II.

On remand, Judge Perez–Gimenez inherited the case and allowed the appellant's attorney to withdraw. On two subsequent occasions, the judge appointed successor counsel, but each of those counsel also moved to

withdraw. Eventually, the district court appointed yet a fourth lawyer to represent the appellant. By then, the appellant had begun to express an interest in changing his plea, and his newly designated attorney followed the appellant's lead. He struck out in a new direction, moving to set aside the appellant's guilty plea on the ground that the plea itself had been tainted by the government's breach of the Agreement.

The district court wrote a thoughtful rescript denying the motion. *See United States v. Velez Carrero,* 954 F.Supp. 28 (D.P.R.1997) (*Velez II*). After the appellant unsuccessfully moved for reconsideration, the lower court sentenced the appellant to a 71–month incarcerative term—a sentence within the guideline sentencing range, unaugmented by any role-in-the-offense enhancement. This appeal followed.

### III.

■ We review a district court's denial of a motion to withdraw a guilty plea, made prior to sentencing, for abuse of discretion. *See United States v. Parrilla–Tirado,* 22 F.3d 368, 371 (1st Cir.1994). We discern no abuse in this instance.

Judge Perez–Gimenez set forth the correct legal regime for determining whether to allow the withdrawal of a guilty plea, *see Velez II,* at 29, and he meticulously appraised the appellant's case in light of those criteria, *see id.* at 30–31. No useful purpose would be served by repastinating that well-ploughed soil. After all, "when a lower court produces a comprehensive, well-reasoned decision, an appellate court should refrain from writing at length to no other end than to hear its own words resonate." *Lawton v. State Mut. Life Assurance Co. of Am.,* 101 F.3d 218, 220 (1st Cir.1996). Hence, we affirm the district court's order for substantially the reasons set forth in its rescript, adding only four brief comments.

■ *First:* It is an indispensable prerequisite to a plea-withdrawal motion, made before the imposition of sentence, that the defendant proffer a fair and just reason for wishing to scrap his guilty plea. *See* Fed. R.Crim.P. 32(e); *see also United States v.*

*Doyle,* 981 F.2d 591, 594 (1st Cir.1992). The record in this case indicates quite clearly that the prime motivation behind the appellant's request to withdraw his plea is that, in his words, "the government broke its part of the bargain." Appellant's Motion to Reconsider at 2. But the appellant has received precisely the anodyne that he himself specified to mend that broken promise, and he is not entitled to further relief in consequence of it.

■ When the prosecution fails to adhere to the terms of a plea agreement, the aggrieved defendant is entitled to either specific performance of the agreement or an opportunity to retract his plea. *See Santobello v. New York,* 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971); *Velez I,* 77 F.3d at 12. He is not entitled to both. Here, Velez Carrero made an informed choice, requesting during his first appeal that we order the government to fulfill its promise. *See Velez I,* 77 F.3d at 12. We granted him the precise relief that he had requested. *See id.* Having obtained his chosen remedy, the appellant's current reliance on the broken promise as a justification for retracting his guilty plea is an empty gesture. Accordingly, he has failed to proffer a fair and just reason that would warrant setting aside his plea.

*Second:* We also believe that the appellant's afterthought request for withdrawal of his plea is precluded by his prior (successful) appeal. In *Velez I,* 77 F.3d at 12, we ordered the appellant resentenced pursuant to the Agreement. On remand, the sentencing court was duty bound to follow our mandate. *See United States v. Bell,* 988 F.2d 247, 251 (1st Cir.1993) (explicating the mandate rule and describing it as "a specific application of the law of the case doctrine"); *United States v. Rivera–Martinez,* 931 F.2d 148, 150 (1st Cir.1991) ("When a case is appealed and remanded, the decision of the appellate court establishes the law of the case and it must be followed by the trial court on remand.") (quoting 1B J. Moore, J. Lucas, & T. Currier, *Moore's Federal Practice* ¶ 0.404[1] (2d ed.1991)).

■ Of course, notwithstanding the mandate rule and the law of the case doctrine, an

issue may be reopened for further consideration if justice so requires. *See Bell,* 988 F.2d at 251. But this modicum of residual flexibility does not mean that preclusion can (or should) lightly be brushed aside.[1] *See Rivera–Martinez,* 931 F.2d at 151. In this case, the appellant did not give the district court any plausible reason for revisiting the *Velez I* resentencing determination, and he likewise offers none to us. Indeed, he does not even suggest that circumstances have changed in any material respect since the date we decided *Velez I.* Certainly, the mere fact that the appellant has a new lawyer who has a somewhat different strategic vision is not, in itself, a material change in circumstances.

 *Third:* Just as the companion doctrines of judicial estoppel and election of remedies preclude parties in civil litigation from asserting legal or factual positions inconsistent with the positions that they took in prior proceedings, *see, e.g., Gens v. Resolution Trust Corp.,* 112 F.3d 569, 572 (1st Cir.), *cert. denied,* —— U.S. ——, 118 S.Ct. 335, 139 L.Ed.2d 260 (1997), so, too, a criminal defendant ordinarily must raise claims in a timely fashion, consistent with his prior positions in the case, or suffer the consequences. *See, e.g., United States v. Coady,* 809 F.2d 119, 121 (1st Cir.1987). During his first appeal, Velez Carrero successfully maintained that the Agreement should be specifically enforced; now, he asserts that it should be annulled. Such an arbitrary about-face cannot be countenanced.

Plea agreements are construed in most respects according to principles of contract law, *see United States v. Hogan,* 862 F.2d 386, 388 (1st Cir.1988), and that body of law includes the election-of-remedies principle, *see Jones v. Childers,* 18 F.3d 899, 915 (11th Cir.1994). In the realm of commercial contracts, "[a] party may not invoke (or at least may not be granted) a remedy based upon affirmance of a contract ... and also a remedy based upon disaffirmance, such as

recission." *Continental Sand & Gravel, Inc. v. K & K Sand & Gravel, Inc.,* 755 F.2d 87, 93 (7th Cir.1985); *accord Far West Fed. Bank v. Office of Thrift Supervision,* 119 F.3d 1358, 1365 (9th Cir.1997). It follows that, absent a showing of special circumstances, a criminal defendant ought properly to be precluded from pursuing a remedy which, in a previous iteration of the case, he eschewed in favor of a different (and inconsistent) remedy. *See United States v. Thomas,* 709 F.2d 968, 971 (5th Cir.1983).

*Fourth:* The appellant's counsel, both in his appellate brief and at oral argument, made glancing references to the district court's order of November 29, 1996, in which the court refused to direct the Bureau of Prisons and/or the Marshals Service to restore certain of the appellant's belongings to him. This point is procedurally defaulted twice over.

For one thing, there is no specific reference to the November 29 order in appellant's notice of appeal. That omission, in itself, is fatal. *See* Fed R.App. P. 3(c) (stating that the notice of appeal must designate the challenged orders or judgments); *see also Kotler v. American Tobacco Co.,* 981 F.2d 7, 11 (1st Cir.1992). For another thing, the appellant's unhappiness with the November 29 order is mentioned only in passing in his brief, with no attempt at developed argumentation. Accordingly, it is not properly before us. *See United States v. Zannino,* 895 F.2d 1, 17 (1st Cir.1990) (memorializing "the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"). In any event, the appellant has not shown, or even intimated, how that order prejudiced him in regard to the attempted withdrawal of his plea. Thus, we need go no further.

*Affirmed.*

---

1. As we stated in *Rivera–Martinez,* the law of the case doctrine "is a salutary rule of policy and practice, grounded in important considerations related to stability in the decisionmaking process, predictability of results, proper working relationships between trial and appellate courts, and judicial economy. The law of the case should be treated respectfully and, in the absence of exceptional circumstances, applied according to its tenor." 931 F.2d at 151.