USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT

 _________________________

No. 97-1410

 UNITED STATES OF AMERICA,

 Appellee,

 v.

 MOISES VELEZ CARRERO,

 Defendant, Appellant.

 _________________________

 APPEAL FROM THE UNITED STATES DISTRICT COURT

 FOR THE DISTRICT OF PUERTO RICO

 [Hon. Juan M. Perez-Gimenez, U.S. District Judge]

 _________________________

 Before

 Torruella, Chief Judge,

 Campbell, Senior Circuit Judge,

 and Selya, Circuit Judge.

 _________________________

 Frank D. Inserni, by appointment of the court, for appellant.
 Jose A. Quiles-Espinosa, Senior Litigation Counsel, with whom
Guillermo Gil, United States Attorney, and Nelson Perez-Sosa,
Assistant United States Attorney, were on brief, for appellee.

 _________________________

 April 3, 1998

 _________________________ SELYA, Circuit Judge. Defendant-appellant Moises Velez
Carrero comes before us for the second time. See United States v.
Velez Carrero, 77 F.3d 11 (1st Cir. 1996) (Velez I). On this
occasion, he remarks the district court's refusal to set aside his
guilty plea and invites us to reverse its order. Because "[h]aving
one's cake and eating it, too, is not in fashion in this circuit,"
United States v. Tierney, 760 F.2d 382, 388 (1st Cir. 1985), we
decline the invitation.
 I.
 A grand jury indicted the appellant in 1994 in connection
with a conspiracy to possess and distribute cocaine. He entered
into a plea agreement (the Agreement) whereby, in exchange for his
admission of guilt, the government promised, among other things, to
recommend that no upward adjustment be made to his base offense
level (BOL) for his role in the criminal activity. See USSG 3B1.1
(authorizing upward adjustment of a defendant's BOL if the
defendant, in carrying out the offense of conviction, served as "an
organizer, leader, manager, or supervisor"). The government failed
to keep its end of the bargain: rather than affirmatively
suggesting to the district court that no role-in-the-offense
enhancement was warranted, the prosecutor simply took no position
at the disposition hearing as to the appropriateness of such an
adjustment.
 Unnerved by this fecklessness, the appellant asked us to
review the matter and requested that we vacate his 87-month
sentence and order specific performance of the Agreement's terms. 
We determined that the government had breached the Agreement,
granted the appellant the form of relief that he sought, and
remanded for resentencing before a different judge. See Velez I,
77 F.3d at 12.
 II.
 On remand, Judge Perez-Gimenez inherited the case and
allowed the appellant's attorney to withdraw. On two subsequent
occasions, the judge appointed successor counsel, but each of those
counsel also moved to withdraw. Eventually, the district court
appointed yet a fourth lawyer to represent the appellant. By then,
the appellant had begun to express an interest in changing his
plea, and his newly designated attorney followed the appellant's
lead. He struck out in a new direction, moving to set aside the
appellant's guilty plea on the ground that the plea itself had been
tainted by the government's breach of the Agreement.
 The district court wrote a thoughtful rescript denying
the motion. See United States v. Velez Carrero, No. 94-199 (D.P.R.
Jan. 30, 1997) (Velez II). After the appellant unsuccessfully
moved for reconsideration, the lower court sentenced the appellant
to a 71-month incarcerative term a sentence within the guideline
sentencing range, unaugmented by any role-in-the-offense
enhancement. This appeal followed.
 III.
 We review a district court's denial of a motion to
withdraw a guilty plea, made prior to sentencing, for abuse of
discretion. See United States v. Parrilla-Tirado, 22 F.3d 368, 371
(1st Cir. 1994). We discern no abuse in this instance.
 Judge Perez-Gimenez set forth the correct legal regime
for determining whether to allow the withdrawal of a guilty plea,
see Velez II, slip op. at 3-4, and he meticulously appraised the
appellant's case in light of those criteria, see id. at 4-7. No
useful purpose would be served by repastinating that well-ploughed
soil. After all, "when a lower court produces a comprehensive,
well-reasoned decision, an appellate court should refrain from
writing at length to no other end than to hear its own words
resonate." Lawton v. State Mut. Life Assurance Co. of Am., 101
F.3d 218, 220 (1st Cir. 1996). Hence, we affirm the district
court's order for substantially the reasons set forth in its
rescript, adding only four brief comments.
 First: It is an indispensable prerequisite to a plea-
withdrawal motion, made before the imposition of sentence, that the
defendant proffer a fair and just reason for wishing to scrap his
guilty plea. See Fed. R. Crim. P. 32(e); see also United States v.
Doyle, 981 F.2d 591, 594 (1st Cir. 1992). The record in this case
indicates quite clearly that the prime motivation behind the
appellant's request to withdraw his plea is that, in his words,
"the government broke its part of the bargain." Appellant's Motion
to Reconsider at 2. But the appellant has received precisely the
anodyne that he himself specified to mend that broken promise, and
he is not entitled to further relief in consequence of it.
 When the prosecution fails to adhere to the terms of a
plea agreement, the aggrieved defendant is entitled to either
specific performance of the agreement or an opportunity to retract
his plea. See Santobello v. New York, 404 U.S. 257, 263 (1971);
Velez I, 77 F.3d at 12. He is not entitled to both. Here, Velez
Carrero made an informed choice, requesting during his first appeal
that we order the government to fulfill its promise. See Velez I,
77 F.3d at 12. We granted him the precise relief that he had
requested. See id. Having obtained his chosen remedy, the
appellant's current reliance on the broken promise as a
justification for retracting his guilty plea is an empty gesture. 
Accordingly, he has failed to proffer a fair and just reason that
would warrant setting aside his plea.
 Second: We also believe that the appellant's
afterthought request for withdrawal of his plea is precluded by his
prior (successful) appeal. In Velez I, 77 F.3d at 12, we ordered
the appellant resentenced pursuant to the Agreement. On remand,
the sentencing court was duty bound to follow our mandate. SeeUnited States v. Bell, 988 F.2d 247, 251 (1st Cir. 1993)
(explicating the mandate rule and describing it as "a specific
application of the law of the case doctrine"); United States v.
Rivera-Martinez, 931 F.2d 148, 150 (1st Cir. 1991) ("When a case is
appealed and remanded, the decision of the appellate court
establishes the law of the case and it must be followed by the
trial court on remand.") (quoting 1B J. Moore, J. Lucas, & T.
Currier, Moore's Federal Practice 0.404[1] (2d ed. 1991)).
 Of course, notwithstanding the mandate rule and the law
of the case doctrine, an issue may be reopened for further
consideration if justice so requires. See Bell, 988 F.2d at 251. 
But this modicum of residual flexibility does not mean that
preclusion can (or should) lightly be brushed aside. See Rivera-
Martinez, 931 F.2d at 151. In this case, the appellant did not
give the district court any plausible reason for revisiting the
Velez I resentencing determination, and he likewise offers none to
us. Indeed, he does not even suggest that circumstances have
changed in any material respect since the date we decided Velez I. 
Certainly, the mere fact that the appellant has a new lawyer who
has a somewhat different strategic vision is not, in itself, a
material change in circumstances.
 Third: Just as the companion doctrines of judicial
estoppel and election of remedies preclude parties in civil
litigation from asserting legal or factual positions inconsistent
with the positions that they took in prior proceedings, see, e.g.,
Gens v. Resolution Trust Corp., 112 F.3d 569, 572 (1st Cir.), cert.denied, 118 S. Ct. 335 (1997), so, too, a criminal defendant
ordinarily must raise claims in a timely fashion, consistent with
his prior positions in the case, or suffer the consequences. See,
e.g., United States v. Coady, 809 F.2d 119, 121 (1st Cir. 1987). 
During his first appeal, Velez Carrero successfully maintained that
the Agreement should be specifically enforced; now, he asserts that
it should be annulled. Such an arbitrary about-face cannot be
countenanced.
 Plea agreements are construed in most respects according
to principles of contract law, see United States v. Hogan, 862 F.2d
386, 388 (1st Cir. 1988), and that body of law includes the
election-of-remedies principle, see Jones v. Childers, 18 F.3d 899,
915 (11th Cir. 1994). In the realm of commercial contracts, "[a]
party may not invoke (or at least may not be granted) a remedy
based upon affirmance of a contract . . . and also a remedy based
upon disaffirmance, such as recission." Continental Sand & Gravel,
Inc. v. K & K Sand & Gravel, Inc., 755 F.2d 87, 93 (7th Cir. 1985);
accord Far West Fed. Bank v. Office of Thrift Supervision, 119 F.3d
1358, 1365 (9th Cir. 1994). It follows that, absent a showing of
special circumstances, a criminal defendant ought properly to be
precluded from pursuing a remedy which, in a previous iteration of
the case, he eschewed in favor of a different (and inconsistent)
remedy. See United States v. Thomas, 709 F.2d 968, 971 (5th Cir.
1983).
 Fourth: The appellant's counsel, both in his appellate
brief and at oral argument, made glancing references to the
district court's order of November 29, 1996, in which the court
refused to direct the Bureau of Prisons and/or the Marshals Service
to restore certain of the appellant's belongings to him. This
point is procedurally defaulted twice over.
 For one thing, there is no specific reference to the
November 29 order in appellant's notice of appeal. That omission,
in itself, is fatal. See Fed R. App. P. 3(c) (stating that the
notice of appeal must designate the challenged orders or
judgments); see also Kotler v. American Tobacco Co., 981 F.2d 7, 11
(1st Cir. 1992). For another thing, the appellant's unhappiness
with the November 29 order is mentioned only in passing in his
brief, with no attempt at developed argumentation. Accordingly, it
is not properly before us. See United States v. Zannino, 895 F.2d
1, 17 (1st Cir. 1990) (memorializing "the settled appellate rule
that issues adverted to in a perfunctory manner, unaccompanied by
some effort at developed argumentation, are deemed waived"). In
any event, the appellant has not shown, or even intimated, how that
order prejudiced him in regard to the attempted withdrawal of his
plea. Thus, we need go no further.

Affirmed.