USCA1 Opinion

 

 [NOT FOR PUBLICATION--NOT TO BE CITED AS PRECEDENT] United States Court of Appeals For the First Circuit
No. 98-1669 UNITED STATES, Appellee, v. RICHARD CRANDALL, Defendant, Appellant. APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] Before Boudin, Circuit Judge, Bownes, Senior Circuit Judge, and Lynch, Circuit Judge. James T. McCormick on brief for appellant. Margaret E. Curran, United States Attorney, and Richard W.
Rose, Assistant United States Attorney, on brief for appellee.
January 4, 1999 Per Curiam. Upon careful review of the briefs and record,
we conclude that this appeal presents no substantial question for
our review. On the record here, the government's refusal to recommend
a departure under U.S.S.G. 5K1.1 cannot be said to be
unconstitutional or, even assuming a bad faith standard, in bad
faith. See Wade v. United States, 504 U.S. 181, 185-87 (1992);
United States v. Catalucci, 36 F.3d 151, 153 (1st Cir. 1994). Even
if that refusal was finally precipitated by defendant's denial of
culpability for an airline ticket scam, still the refusal was not
irrational. Assuming arguendo that the district court had some
residual authority of its own (without a government motion) to
depart based on defendant's assistance, in extraordinary
circumstances, see United States v. Romolo, 937 F.2d 20, 25 (1st
Cir. 1991) (reserving the question), no such circumstances are
present here. Finally, defendant asserts that the district court might
have misunderstood its authority to depart under 4A1.3 on the
ground that defendant's criminal history category may have over-
represented his true criminality. To the contrary, as we read the
record, the district court assumed that it might have discretion
for such a departure in an appropriate case, but concluded as a
matter of discretion that no departure would be warranted in
defendant's case. See United States v. Perez, ___ F.3d ___, 1998
WL 798723 (1st Cir. November 23, 1998). Affirmed. See 1st Cir. Loc. R. 27.1.